IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JERRY GREER and JENNIFER GREER,

        Plaintiffs,

   v.

STATE FARM FIRE AND CASUALTY CO.,

        Defendant.

No. 1:10-cv-03090-PA

**ORDER**

**PANNER, J.**

Plaintiffs Jerry and Jennifer Greer bring this action against defendant State Farm Fire and Casualty Co., claiming breach of a home insurance policy. State Farm moves for summary judgment on its counterclaim, arguing that the policy was voided when the Greers submitted a forged construction contract to support their claim for replacement costs. I grant State Farm's motion for summary judgment.

**BACKGROUND**

State Farm issued an insurance policy to the Greers covering their house in Phoenix, Oregon and its contents.

1 - ORDER

In September 2008, fire destroyed the Greers' house. In March 2009, the Greers filed a claim with State Farm for damage to the house and its contents.

In November 2009, State Farm determined that the fire triggered coverage under the policy. State Farm found the actual cash value of the Greers' burned house was $257,385. In addition to paying the cash value of the burned house, State Farm paid $66,921 for lost contents, and $23,635 for additional living expenses.

The policy covered replacement costs, requiring that State Farm "pay the cost to repair or replace with similar construction and for the same use on the premises shown in the Declarations, the damaged part of the property . . . subject to the following: (3) to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed."

In December 2009, State Farm notified the Greers that to receive replacement costs, they would need to "[c]omplete the actual repair or replacement of the damaged part of the property within two years of the date of loss." State Farm wrote, "Without waiving the above requirements, we will consider paying replacement benefits prior to actual repair or replacement if we determine repair or replacement costs will be incurred because repairs are substantially under way or you present a signed contract acceptable to us."

In February 2010, the Greers purchased a house in

2 - ORDER

Jacksonville, Oregon. They told State Farm that because the Jacksonville house was smaller than their Phoenix house, they intended to build an addition. The Greers sought to recover the cost of the remodeling under the policy's replacement coverage, and they requested an extension of the policy's two-year deadline for claiming replacement benefits. State Farm agreed to extend the deadline from September 2010 to the end of November 2010.

The Greers filed this action in September 2010. They claimed that although State Farm had accepted coverage, it had not paid the full amount due them under the policy.

On October 6, 2010, to support the claim for replacement costs, Jerry Greer sent State Farm an apparently binding construction contract to remodel the Jacksonville house. Although the construction contract appeared to be signed by Justin Olsen, the president of a general contractor called Raven Woodworks, Greer had in fact forged Olsen's signature on the contract.

Olsen later testified at a deposition that he had refused to sign the Greers' proposed contract because it was not specific enough about the scope of remodeling project, the materials to be used, the payment schedule, and other details. The proposed contract also included higher overhead and profit margins than Olsen would have charged, and omitted legal requirements such as warranty information.

At his deposition, Greer admitted forging Olsen's signature on the contract. Greer testified that when Olsen warned him a forged contract would be invalid, Greer replied,

3 - ORDER

"well, I have got to have a signed contract." Although Greer was represented by an attorney, he did not tell the attorney that he had forged the signature.

After receiving the apparently valid remodeling contract, Jill Scott, a claim adjuster for State Farm, requested more information about the scope of the project. After the Greers submitted additional documentation, State Farm paid them for replacement costs. Scott stated, "I made the replacement cost payments totaling $213,210.38 because I believed at that time that Plaintiffs had entered into a binding contract with Ravenwoodworks within the two year and three month deadline for submitting a claim for replacement costs." State Farm calculated the replacement cost payment by adding the appraised value of the new house to the cost of the remodeling project as stated in the fraudulent contract, and subtracting the actual cash value payment for the burned house.

## STANDARDS

The court must grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

## DISCUSSION

### I. The Greers' Fraud Voids the Policy

#### A. The Policy

State Farm's policy provides that an insured's fraud voids

4 - ORDER

the policy:

> **Concealment, Misrepresentation or Fraud**
>
> 3. . . . this entire policy will be void:
>
>     a. if, whether before or after a loss, you have willfully concealed or misrepresented any material fact or circumstance concerning:
>
>         (1) this insurance or the subject of it; or
>
>         (2) your interest in it; or
>
>     b. In the case of any false swearing by you relating to this insurance.

**B. Legal Standards**

The insurer bears the burden of proof when it seeks to void a policy. See *Eslamizar v. Am. States Ins. Co.*, 134 Or. App. 138, 143, 894 P.2d 1195, 1198 (1995). To void a fire insurance policy because of fraud, the insurer must show the insured willfully concealed or misrepresented a material fact, that the misrepresentation was material, and that the insurer relied on the misrepresentation. Or. Rev. Stat. § 742.208(1), (3). An insurer must show fraud by preponderance of the evidence. See *Mutual of Enumclaw Ins. Co. v. McBride*, 295 Or. 398, 400, 667 P.2d 494, 495 (1983) (rejecting clear and convincing standard).

**C. Plaintiffs' Submission of a Fraudulent Document Voids the Policy**

The Greers' submission of the fraudulent contract voids the policy. It is undisputed that Jerry Greer forged a contractor's signature to obtain payments from State Farm. State Farm has shown it relied on the forged contract when it decided to pay replacement costs. See *Eslamizar*, 894 P.2d at

5 - ORDER

1199 (reliance may include offering coverage, calculating risk, or incurring additional investigation expenses).

The Greers argue that an insured's misrepresentation should not void the policy if the misrepresentation was made after the insured filed a lawsuit against the insurer. The Greers cite <u>American Paint Service Inc. v. Home Insurance Co.</u>, 246 F.2d 91, 94 (3rd Cir. 1957). There, the court held that an insured's allegedly false testimony during a trial over coverage could not support voiding the insurance policy: "When settlement fails and suit is filed, the parties no longer deal on the non-adversary level required by the fraud and false swearing clause." <u>Id.</u> at 94. The rationale of <u>American Paint</u> does not apply here, however. The Greers submitted the forged contract not as part of the adversarial process but instead while working with State Farm to obtain payment under the policy. Unlike the insurer in <u>American Paint</u>, State Farm had not denied liability when the insured committed fraud.

The Greers argue that the forged contract was not material to State Farm's decision. The Greers characterize the forged contract as a "misrepresentation made during settlement negotiations." Whether or not the Greers submitted the forged contract as a negotiating tactic, State Farm has shown it relied on the contract in deciding to pay replacement costs.

The Greers argue that State Farm waived the policy's deadline for completing construction. Although State Farm did grant the Greers an extension of the two-year deadline, State Farm expressly denied in writing that the extension was a waiver of the deadline.

6 - ORDER

Nor is there waiver by conduct. Waivers must be in writing. Or. Rev. Stat. § 742.222. The statutory requirement that waivers be in writing supersedes the common law's recognition of oral waivers or waivers by conduct. See Moore v. Mutual of Enumclaw Ins. Co., 317 Or. 235, 243, 855 P.2d 626, 631 (1993). In any event, the Greers have not presented evidence that State Farm's conduct indicated an intent to waive the deadline.

The Greers contend that State Farm breached the contract by unreasonably delaying payment, relieving them of their obligation to meet the deadline for seeking replacement costs. The Greers' claims, however, are based not on any alleged delay but rather on the amount of State Farm's payments. A dispute over the timing of payments cannot excuse the fraud here.

### D. State Farm Is Entitled to the Replacement Cost Payment

State Farm paid the Greers replacement costs in reliance on the forged contract. Because the Greers' submission of a forged contract voided the policy, State Farm had no obligation to pay replacement costs. State Farm is entitled to recover the amount it paid for replacement costs.

### II. Other Claims

The Greers concede their claim for additional living expenses.

Because the fraudulent contract voided the policy, I need not address the parties' disputes over the value of the Greers' personal property.

### CONCLUSION

Defendant's motion for summary judgment (#35) is granted.

7 - ORDER

Defendant is awarded $213,210 on its counterclaim.

IT IS SO ORDERED.

DATED this __21__ day of December, 2011.

_____
OWEN M. PANNER
U.S. DISTRICT JUDGE

8 - ORDER